**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4096**

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

ENRIQUE SARDINETAS SANCHEZ,

 Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, District Judge.  (7:07-cr-00030-gec-6)

Submitted:  February 19, 2009      Decided:  February 23, 2009

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Spurell, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Ronald Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enrique Sardinetas Sanchez appeals from the 210-month sentence imposed after he pleaded guilty to conspiracy to distribute more than 500 grams of methamphetamine. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, after a review of the record, there are no meritorious issues for appeal. Sanchez has not filed an informal supplemental brief, and the Government has declined to file a brief. Sanchez's Anders brief argues that his sentence may not be reasonable. Finding no error, we affirm.

We review Sanchez's sentence under a deferential abuse of discretion standard. See Gall v. United States, 128 S. Ct. 586, 590 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. United States v. Osborne, 514 F.3d 377, 387 (4th Cir.), cert. denied, 128 S. Ct. 2525 (2008). Other significant procedural errors include "treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 128 S. Ct. at 597. The court then considers the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. This court presumes that a sentence within a properly

2

calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The court should then consider the 28 U.S.C. § 3553(a) (2006) factors to determine whether they support the sentence requested by either party. Id. While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within a properly calculated Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Here, the court correctly calculated the Guidelines range and then gave both parties the opportunity to argue for whatever sentence they deemed appropriate. Thus, the district court committed no procedural or substantive error, and Sanchez's sentence, which was within the calculated Guidelines range, is presumptively reasonable. Therefore, we conclude that there was no abuse of discretion by the district court.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Sanchez's judgment of conviction. This

3

court requires that counsel inform Sanchez, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED